**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DONALD LECIK,**

            **Plaintiff,**

-vs-                                      **Case No.  6:05-cv-1040-Orl-KRS**

**RONALD NOST,**

            **Defendant.**

_____

**SUPPLEMENTAL BRIEFING ORDER**

This cause came on for consideration *sua sponte*.  Plaintiff Donald Lecik brought this case under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.,* alleging that Defendant Ronald Nost d/b/a Pipeline Plumbing (Nost) failed to pay him overtime compensation.  Lecik also alleges that Nost breached an employment agreement between the parties by failing to pay Nost for all the work he performed.  Doc. No. 1.  Nost answered the complaint, and asserted counterclaims against Lecik for breach of contract arising from allegations that Lecik did not perform his work with the appropriate standard of care, and fraud arising from allegations that Lecik improperly submitted time sheets that included the time he spent driving to and from work as compensable time.  Doc. No. 2.

At this stage in the proceedings, I am compelled to question the Court's authority to exercise supplemental jurisdiction over the breach of contract claim and the breach of contract and fraud counterclaims, all of which arise under state law.  *See, e.g., Lyons v. Whisman*, 45 F.3d 758, 759-763 (3d Cir. 1995); *Krause v. Cherry Hill Fire District 13*, 969 F. Supp. 270, 280-81 (D.N.J. 1997).  This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over all state claims that arise out of a common nucleus of operative fact with a substantial federal claim.  *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724-25 (1966)).

The Court may decline to exercise supplemental jurisdiction over a claim arising under state law in the following circumstances:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). It appears that the issues related to the breach of contract claim and counterclaim, particularly, arise from a different set of facts than those underlying the FLSA claim and that the breach of contract issues would substantially predominate over the FLSA claim.

Accordingly, on or before December 2, 2005, the parties shall provide supplemental briefing concerning whether the Court can and should exercise supplemental jurisdiction over the breach of contract claim and breach of contract and fraud counterclaims. This analysis should focus on the exercise of supplemental jurisdiction, not the question of whether a counterclaim is compulsory or permissive.

**DONE** and **ORDERED** in Orlando, Florida this 16th day of November, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties