# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONALD LECIK,**

        **Plaintiff,**

**-vs-**                                       **Case No. 6:05-cv-1040-Orl-KRS**

**RONALD NOST,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. No. 11), to which the defendant filed a response (Doc. No. 16). This matter has been referred to me for disposition pursuant to the consent of the parties. Doc. No. 23.

**I.    PROCEDURAL HISTORY.**

Plaintiff Donald Lecik brought this case under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.,* alleging that Defendant Ronald Nost d/b/a Pipeline Plumbing (Nost) failed to pay him overtime compensation. Lecik also alleges that Nost breached an express employment agreement between the parties by failing to pay Nost for all the work he performed. Doc. No. 1. Nost answered the complaint and asserted counterclaims against Lecik for breach of contract arising from allegations that Lecik did not perform his work with the appropriate standard of care, and fraud arising from allegations that Lecik improperly submitted time sheets that included the time he spent driving to and from work as compensable time.

Lecik asks the Court to dismiss Nost's counterclaims on three theories. First, he argues that the counterclaims constitute an impermissible attempt to "set-off" wages owed to him under the FLSA. Second, he contends that the breach of contract claim is a permissive counterclaim which requires a independent basis of federal jurisdiction that is lacking in the present case. Finally, he asserts that the fraud count fails to state the claim with particularity as required by Fed. R. Civ. P. 9(b), and is barred by the economic loss doctrine.

On November 16, 2005, I entered a Supplemental Briefing Order directing the parties to address the issue of "whether the Court can and should exercise supplemental jurisdiction over the breach of contract claim and breach of contract and fraud counterclaims." Doc. No. 26 at 2. Nost timely responded to my Supplemental Briefing Order. Doc. No. 28. In his response, Nost states that he now wishes to withdraw his counterclaim for breach of contract. *Id*. at 1. Lecik has yet to respond to the Supplemental Briefing Order and the time for doing so has passed.

## II.   STANDARD OF REVIEW.

### A.   *Subject Matter Jurisdiction*.

Subject matter jurisdiction implicates the court's authority to adjudicate a particular case and, as such, it may be challenged by either party, or by the court *sua sponte*, at any time while the action is pending. Fed. R. Civ. P. 12(h)(3); *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination."). At this stage in the proceedings, I am compelled to question the Court's authority to exercise supplemental jurisdiction over the breach of contract claim and the fraud counterclaim, both of which arise under state law. This Court may exercise supplemental jurisdiction

under 28 U.S.C. § 1367 over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim. *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724-25 (1966)). The Court may decline to exercise supplemental jurisdiction over a claim arising under state law in the following circumstances:

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

    B.    *Motion to Dismiss Standard*.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In considering a motion to dismiss for failure to state a claim, the Court considers only the allegations of the pleading at issue. *See* Rule 10(c), Rule 12(b).

**III.   ANALYSIS.**

   A.   *Jurisdiction Over the Breach of Contract Claim.*

As a preliminary matter, it is important to note that the basis of the Court's jurisdiction over the contract claim asserted by Lecik is the supplemental jurisdiction statute, 28 U.S.C. § 1367. This statute provides, in pertinent part, that in any civil action over which the district court has original jurisdiction, the district could shall also have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Whether to exercise supplemental jurisdiction over state law claims is inherently a fact-specific inquiry. *See, e.g., Lyons v. Whisman*, 45 F.3d 758 (3d Cir. 1995).

The breach of contract claim arises from allegations that Nost breached an employment agreement that allegedly governed the terms of Lecik's work. Lecik alleges that Nost failed to pay him "all of the agreed upon compensation for work" he performed. Doc. No. 1 at 4. The dispute about whether an agreement existed, the terms of the agreement, and whether Nost complied with the terms of the agreement are factually distinct from the question of whether Nost paid Lecik the overtime compensation required by the FLSA.

Even assuming that there would be some factual overlap between the determination of Lecik's "regular rate of pay" for FLSA purposes and the contractually agreed rate of pay, the other questions incident to the breach of contract claim would substantially predominate over the FLSA claim. Under these circumstances, even if I were to find that the Court could exercise supplemental jurisdiction over the breach of contract claim, I would decline to do so pursuant to 28 U.S.C. § 1367(c)(2). *See, e.g., Krause v. Cherry Hill Fire District 13*, 969 F. Supp. 270, (D.N.J. 1997). Lecik may bring his breach

of contract claim – indeed, may bring all of his claims – in state court should he seek to have the matters resolved in one forum.  As such, there is no unfairness or inconvenience to the parties and judicial economy will be served by permitting the breach of contract claim to be fully litigated in state court.

Accordingly, I determine that Lecik's breach of contract claim is not so related with his FLSA claim that the Court can, and should, exercise supplemental jurisdiction over it.  Therefore, Lecik's breach of contract claim will be dismissed for lack of subject matter jurisdiction.

*B.     The Fraud Counterclaim*.

In the fraud counterclaim, Nost alleges that "during the course of Plaintiff's employment . . . [Lecik] charged [Nost] for the time he spent driving to and from work in [Nost's] truck . . . ." Doc. No. 2 ¶¶ 36, 37.  Nost further alleges that Lecik made false representations about the time he worked "for the purpose of inducing [Nost] to pay [Lecik] additional wages, including overtime wages, for work hours which he had not worked." *Id.* ¶ 40.  It appears, therefore, that this claim and the FLSA overtime claim arise out of a common nucleus of operative fact because the number of hours actually worked by Lecik underpin both the FLSA overtime claim and the fraud counterclaim.

Lecik contends the fraud counterclaim must be dismissed because Florida's economic loss rule does not permit a plaintiff to raise a fraud claim when the actions underlying the claim occurred during the performance of a contract.  Nost argues that there was no agreement to pay Lecik for time he spent traveling to and from work.  This argument goes to the heart of the parties' employment agreement.  There is no allegation in the counterclaim that Lecik somehow fraudulently induced Nost to enter into the employment agreement in the first place.  As such, the fraud counterclaim is barred by the economic loss rule. *See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1240 (Fla.

1996); *see also MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1362 (S.D. Fla. 2000).[1]  Nevertheless, Nost will be permitted to present evidence in this case about the number of hours Lecik worked for purposes of computing any overtime compensation due, which evidence may include evidence regarding whether Lecik improperly recorded time he spent traveling to and from work as hours he was working.

**IV.   CONCLUSION.**

Based on the foregoing analysis, Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. No. 11) is **GRANTED**.  Lecik's breach of contract claim is also **DISMISSED** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida on December 5, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Lecik also contends that the fraud counterclaim was not pleaded with sufficient particularity because it does not set forth the time and dates when the alleged misrepresentations were made.  The fraud counterclaim alleges that the misrepresentations were made in time sheets that Lecik submitted during a three-month period in which he was permitted to drive a truck owned by Nost.  These allegations are sufficient to give Lecik the necessary notice of the basis of the fraud allegations.  *See MeterLogic, Inc.*, 126 F. Supp. 2d at 1361.